**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

_____

UNITED STATES OF AMERICA,

   Plaintiff,

v.                Case No. 08-CR-142

THOMAS R. DENEVE,

   Respondent.

_____

## ORDER

On May 21, 2008, a grand jury returned a single count indictment charging Thomas Deneve ("Deneve") with being a felon in possession of a firearm in violation of Title 18, U.S.C. § 922(g)(1) and § 924(e)(1) and alleging that he is an Armed Career Criminal as defined in 18 U.S.C. § 924(e)(2). On August 11, 2008, Deneve filed a motion to suppress physical evidence seized after an allegedly unlawful, warrantless pat-down search of his person. The government filed a response on August 13, 2008, opposing the suppression of evidence and advocating denial of the motion without a hearing. On August 19, 2008, Magistrate Judge Goodstein issued an order denying an evidentiary hearing and recommending that Deneve's motion to suppress be denied. Following issuance of the magistrate's recommendation, Deneve filed a motion to suspend the proceedings, due to an on-going competency evaluation in state court. The court granted the motion and the proceedings were delayed for nearly nine months. During this time, the court held a number of status conferences in the case, including a May 13, 2009 status conference at which Deneve's defense counsel reported that Deneve was deemed competent and was

currently serving his state sentence. The parties agreed that the court could appropriately proceed and filed objections and responses to the pending magistrate recommendation in the weeks following the status conference. The issue is now ready for decision. After *de novo* review, this court will adopt the magistrate's recommendation and deny Deneve's motion to suppress evidence without an evidentiary hearing.

## BACKGROUND

The alleged facts giving rise to Deneve's motion to suppress are as follows. On April 10, 2008, Milwaukee police officers were dispatched to Rhino's Bar, located at 7964 W. Appleton Avenue, Milwaukee, Wisconsin, in response to a call reporting a subject with a weapon. Prior to entering Rhino's Bar, the responding officers were approached by an off-duty Milwaukee police officer who reported that he observed a white male in the bar with a weapon in his rear waistband. The off-duty officer described the subject as wearing "a tan jacket, tan pants, and a brown hat." The on-duty officers then entered the bar, approached the man, identified themselves, and conducted a pat-down search. The officers recovered a 9mm, loaded Glock from the man's rear waistband and took him into custody. Upon conducting a record check, the officers discovered that the man, Deneve, was a convicted felon.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B), a magistrate judge may consider dispositive motions, such as motions to suppress, and issue recommendations to the district judge regarding the motions. *See id.* When a party objects to a magistrate's

findings, the district court judge must make *de novo* determinations as to these findings. *See id.* § 636(b)(1)(C); *see also Delgado v. Bowen,* 782 F.2d 79 (7th Cir. 1986). The district court may adopt the recommendation in part or in its entirety and has the final authority of judgment in the case. *Delgado*, 782 F.2d at 82. If necessary, the district court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court has reviewed the evidence and finds it sufficient to make determinations on those records alone.

## ANALYSIS

Deneve objects to the magistrate judge's recommendation that his motion to suppress be denied and to the magistrate's order denying him an evidentiary hearing. In his motion, Deneve alleges that the police officers obtained the physical evidence through an unlawful, warrantless search and seizure in violation of the Fourth Amendment. Specifically, Deneve asserts that the officers did not have reasonable suspicion to either conduct an investigatory stop or conduct a pat-down search. However, this court finds that reasonable suspicion existed and adopts Magistrate Goodstein's recommendation denying the motion to suppress without an evidentiary hearing.

Under *Terry v. Ohio*, 392 U.S. 1 (1968), an officer may conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot. *United States v. Hicks*, 531 F.3d 555, 558 (7th Cir. 2008) (citing *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000)). The court evaluates the

-3-

reasonableness of a *Terry* stop by examining the totality of the circumstances known to the officer at the time of the stop. *United States v. Lawshea*, 461 F.3d 857, 859 (7th Cir. 2006). During a *Terry* stop, an officer may conduct a pat-down search for weapons if the officer has specific and articulable facts that support a suspicion that the individual may be armed or presents a danger to the officer or others. *United States v. Thomas*, 512 F.3d 383, 388 (7th Cir. 2008) (citing *Terry v. Ohio*, 392 U.S. 1, 27 (1968)). The officer may use reasonable means to determine whether a suspect is armed when the officer justifiably believes that the individual he is investigating at close range is armed and presently dangerous to either the officer or others. *Id.*

Deneve concedes that the principles of *Terry* apply to his motion regarding the pat-down search of his person and the resulting recovery of physical evidence. (Def.'s Objections 6). However, he argues that the magistrate judge misapplied the principles in his case because there are no specific and articulable facts indicating that he was armed *and* presented a risk of harm. Deneve admits that the officers would be justified in conducting a pat-down search if they suspected him of committing the offense of carrying a concealed weapon, in violation of Wisconsin statute 941.23. (Def.'s Objections 7). However, Deneve asserts that there are no facts indicating that his weapon was concealed or hidden from view, one of the elements of the offense of carrying a concealed weapon. Thus, the officers could

-4-

not reasonably suspect him of committing the crime and he did not present the requisite risk of harm to justify a *Terry* pat-down search[1].

Despite Deneve's argument, the officers in the instant case possessed reasonable and articulable facts to justify a stop and pat-down search of Deneve. First, the officers had a reasonable belief that the individual they were investigating was armed because they received an initial report of a suspect carrying a firearm. Second, this information was corroborated from a credible source, a fellow police officer, who was present at the scene. Third, as a trained police officer, the off-duty policeman was familiar with weapons and could credibly identify the item as a firearm. Fourth, the police officer provided specific information about both the location of the firearm in the suspect's rear waistband, as well as specific identifying information about the suspect as wearing "a tan jacket, tan pants, and a brown hat." Finally, the individual reportedly carrying the weapon was present inside a bar where alcohol was being consumed, which enhances the risk posed by a firearm and potentially escalates any conflict. Therefore, the totality of the circumstances supported the officers' suspicion that Deneve may be armed or may present a danger to others and they appropriately stopped and frisked him for weapons.

---

[1] Deneve also notes that the Wisconsin Attorney General issued a memorandum to state prosecutors on April 20, 2009, concluding that the open carrying of a firearm does not support a disorderly conduct charge absent additional circumstances. However, the court deems this memorandum irrelevant to its present opinion. The memo was issued more than one year after the events leading to Deneve's arrest and applies to the *open* carrying of weapons *without* additional facts and circumstances. In contrast, Deneve carried his loaded Glock in the rear waistband of his pants, a location which partially or fully conceals a weapon and renders it invisible to anyone approaching from the front. Further, Deneve was carrying the weapon in a bar. This court believes that the location constitutes an additional circumstance because the combination of alcohol consumption and a loaded gun poses an inherent danger in a public place.

Deneve argues that, without more, a report of an individual with a weapon does not create a reasonable suspicion that criminal activity is afoot or that he posed a risk of harm. Specifically, Deneve argues that the officers could not reasonably suspect him of carrying a concealed weapon (a situation which Deneve admits justifies a pat-down search) because they were only told that he carried the weapon in his waistband, not that the gun was "concealed." However, the fact that a gun is carried in a suspect's rear waistband does not eliminate reasonable suspicion that he is carrying a "concealed weapon." The officers knew that the suspect was carrying a firearm in a bar and that the weapon was partially concealed within his pants. This is enough to trigger reasonable and articulable suspicion that criminal activity is afoot and that a pat-down search is necessary. Consequently, the court will deny Deneve's motion to suppress.

Deneve also objects to the magistrate's denial of his request for an evidentiary hearing in accordance with Criminal Local Rule 12.3. To obtain an evidentiary hearing, a defendant must provide sufficient information to enable the court to conclude that a substantial claim was presented and that there were disputed issues of material fact affecting the outcome of the motion. *United States v. Greve*, 490 F.3d 566, 572 (7th Cir. 2007) (citing *United States v. Juarez*, 454 F.3d 717, 719 (7th Cir. 2006)). The Seventh Circuit places the onus on a defendant seeking an evidentiary hearing on a motion to suppress to specifically allege a definite disputed factual issue and to demonstrate its materiality. *United States v. McGaughy*, 485 F.3d 965, 969 (7th Cir. 2007).

Deneve fails to show any issue of material fact affecting the outcome of his motion to suppress. The government does not dispute the factual scenario described in Deneve's motion. Instead, Deneve argues that the magistrate judge reached the wrong conclusions based on those undisputed facts. Deneve asserts that the officers could not reasonably suspect that he was armed and dangerous because they did not know for certain that the "weapons complaint" indicated possession of a gun. He further argues that the weapon's reported location in his rear waistband could not reasonably be interpreted as "concealed." These arguments do not establish any quarrel regarding material *facts*. There is no dispute that the officers responded to a weapons complaint or that Deneve reportedly carried a weapon in his rear waistband. Thus, an evidentiary hearing is unnecessary and the magistrate correctly denied Deneve's request.

Accordingly,

**IT IS ORDERED** that Magistrate Goodstein's Report and Recommendation (Docket #14) be and the same is hereby **ADOPTED**; and

**IT IS FURTHER ORDERED** that Deneve's motion to suppress (Docket #12) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of June, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge