UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.

THOMAS R. DENEVE,

          Defendant.

Case No. 08-CR-142-JPS

**ORDER**

1. **BACKGROUND**

On November 30, 2020, Defendant filed a motion for compassionate release. (Docket #45). The Government filed a response, (Docket #50), and Defendant replied, (Docket #53). The Court has reviewed these submissions and will deny Defendant's motion for compassionate release.

2. **FACTS**

Defendant is serving a federal sentence after pleading guilty to being a felon in possession of a firearm. (Docket #40). On September 8, 2010, this Court sentenced Defendant to 160 months in prison, the mandatory minimum sentence pursuant to the Armed Career Criminal Act. (*Id.*) Defendant is currently detained at Federal Correctional Institution Forrest City Medium ("FCI Forrest City Medium") in Forrest City, Arkansas.[1]

In his motion, Defendant asks the Court to release him from prison because (1) his alleged health conditions place him at increased risk of harm from COVID-19, and (2) his family is undergoing hardship, and he would like to care for his mother. (Docket #45 at 1). Defendant states that he suffers

---

[1] At the time Defendant filed his motion, he was being detained at Federal Correctional Institution Fort Dix in Joint Base MDL, New Jersey. (Docket #50 at 1).

from health ailments, including having benign nodules on his lungs, lung degeneration from being a long-time smoker, PTSD, gender dysphoria, hypertension, epilepsy, IBS, and hyperthyroidism. (Docket #45 at 1, #53 at 6).

As of September 17, 2021, FCI Forrest City Medium reports that no inmates and fourteen staff members have active cases of COVID-19.[2] Two inmate deaths have been reported, and 319 inmates and 64 staff have recovered from the virus.[3] Further, FCI Forrest City Medium is reporting that 230 of its staff and 1,811 of its inmates have been *fully* vaccinated.[4]

3. **LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what

---

[2]Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Sept. 17, 2021).

[3]*Id*.

[4]*Id*.

constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 n.1.(A)(ii).

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

**4. ANALYSIS**

First, it appears that Defendant has exhausted his administrative remedies, and the Government does not contest this. (Docket #50 at 5); *Gunn*, 980 F.3d at 1179 ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it.") (internal citations omitted). The Court next determines whether Defendant has an extraordinary and compelling reason warranting his release.

The outbreak of COVID-19, together with underlying medical conditions that place a defendant at "high risk" should he contract the disease, may establish an extraordinary and compelling reason warranting release. *See, e.g., United States v. Gonzales*, Case No. 13-CR-101-JPS, 2020 WL 4437154, at *4 (E.D. Wis. Aug. 3, 2020). Defendant alleges he suffers from a list of health conditions (some of which are supported by medical records), including having benign nodules on his lungs, lung degeneration from

being a long-time smoker, PTSD, gender dysphoria, hypertension, epilepsy, IBS, and hyperthyroidism. (Docket #45 at 1, #53 at 6). Some of these conditions appear on the Centers for Disease Control and Prevention's list of conditions that can make a person more likely to get severely ill from COVID-19.[5]

Based on the medical record, the Government challenges whether Defendant does, in fact, suffer from all of his listed conditions. The Government further states that at least one of his conditions is well-regulated with medication. (Docket #50 at 7–9). Defendant responds that his medical record, as submitted by the Government, is "astoundingly incomplete." (Docket #53 at 1). The Court, however, need not wade too deep into the medical record.

Since the parties filed and briefed Defendant's motion, the risk calculus has changed significantly given the introduction of several very effective and increasingly widely available vaccines that inoculate against COVID-19. Importantly, on August 23, 2021, after rigorous and thorough evaluation, the Food and Drug Administration approved the Pfizer-BioNTech COVID-19 vaccine for all individuals aged 16 years and older.[6] Other vaccines, including the Moderna vaccine, have been approved for emergency use since late 2020, with great success.[7] Quickly, it is becoming

---

[5]*People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 17, 2021).

[6]FDA News Release, U.S. Food & Drug Admin., FDA Approves First COVID-19 Vaccine (Aug. 23, 2021), https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine.

[7]*See* U.S. Food & Drug Admin., Moderna COVID-19 Vaccine (updated Aug. 18, 2021), https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/moderna-covid-19-vaccine.

well-settled law in the Seventh Circuit that, "for most prisoners[,] the availability of vaccines for COVID-19 'makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.'" *United States v. Sullivan*, No. 20-2647, 2021 WL 3578621, at *2 (7th Cir. Aug. 13, 2021) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *see also United States v. Burgard*, No. 20-3210, 2021 WL 3781384, at *2 (7th Cir. Aug. 26, 2021); *United States v. Eveland*, No. 20-3449, 2021 WL 3414202, at *1 (7th Cir. Aug. 5, 2021); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021).

Despite Defendant's concerns back in February 2021 that prisoners would be low-priority for receiving vaccines, (Docket #53 at 4), vaccination at FCI Forrest City Medium is well underway. And, while the Court does not know Defendant's vaccination status, even where "[t]he available medical records do not indicate that [a defendant] has himself been vaccinated . . . federal courts recently have held that the deployment of the vaccine by the BOP significantly mitigates the assessment of risk." *United States v. Collins*, No. 17-20360, 2021 WL 869651, at *5 (E.D. Mich. Mar. 8, 2021). The Court concludes that the combination of Defendant's alleged health issues is mitigated by the vaccination efforts underway at FCI Forrest City Medium. At this juncture, without evidence that Defendant is "unable, medically or otherwise, to receive the vaccine," the Court finds that he has not presented an extraordinary and compelling reason warranting his early release. *Sullivan*, No. 20-2647, 2021 WL 3578621, at *2.

Defendant's second basis for release is that his "family circumstances in these tough times are increasingly exaserbated [sic] by [his] absence." (Docket #53 at 8). Specifically, with his father's recent death, Defendant's mother needs assistance at home. (*Id.*) The Court recognizes that

Defendant's family is undergoing hardship as a result of Defendant's incarceration during a pandemic. But this is not a situation unique to Defendant. Courts have found that the burden placed on a defendant's family by the defendant's incarceration is not a reason to justify release. *See, e.g.*, *United States v. Nazer*, 458 F. Supp. 3d 967, 973 (N.D. Ill. 2020) (holding that a defendant's spouse's inability to watch and homeschool their kids due to her job in healthcare during the COVID-19 pandemic did not constitute an extraordinary or compelling circumstance as would warrant a reduction of his sentence); *United States v. Schnabel*, No. 2:17-CR-169, 2020 WL 3566613, at *4 (S.D. Ohio July 1, 2020) ("[T]he incarceration of many inmates poses a hardship to their families. The defendant's family circumstances are not extraordinary."); *United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary."). The hardships put on Defendant's family by his incarceration do not constitute an extraordinary and compelling reason.[8]

5. **CONCLUSION**

Defendant has exhausted his administrative remedies. However, he has not proffered an extraordinary and compelling reason warranting his release. Therefore, the Court will deny Defendant's motion for compassionate release, (Docket #45). The Court will grant the Government's motion to seal, (Docket #51).

---

[8]Although the Court is permitted to stray from the guidelines, the commentary to U.S.S.G. § 1B1.13 provides two situations in which "family circumstances" may constitute extraordinary and compelling reasons: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children; and (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Neither circumstance is applicable in the present case.

Accordingly,

**IT IS ORDERED** that Defendant Thomas R. Deneve's motion for compassionate release (Docket #45) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Government's motion to seal (Docket #51) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 17th day of September, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge